UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRETT GREEN and LANNY
WHITSON, individually and
on behalf of all others
similarly situated,

      Plaintiffs,

v.                         CASE NO:  8:09-cv-445-T-33TBM

FEDEX NATIONAL, LTL, INC.,

      Defendant.
_____/

**ORDER**

This cause comes before the Court for consideration of Plaintiffs' Motion for Partial Summary Judgment (Doc. # 70) and Defendant FedEx National LTL, Inc.'s Motion for Summary Judgment (Doc. # 85).  The parties filed responses in opposition thereto (Docs. ## 73 & 89, respectively).  For the reasons below, Plaintiffs' Motion is denied, and FedEx's Motion is granted.

**I.**    **Background**

In 2006, FedEx took control of Watkins Motor Lines, and Plaintiffs, small business truck owner/operators, entered into an agreement with FedEx to provide shipping services according to certain terms contained in an Equipment Lease and Operating Contract, a form copy of which is attached to the Complaint as

Exhibit A (the "Contract"). The Contract, drafted by FedEx, describes the manner in which FedEx, the "CARRIER," would lease, on an as-needed basis, transportation equipment from the individual truck owner, or "CONTRACTOR," and the truck owner would provide transportation services. Under this arrangement, the truck owner would lease its truck to FedEx and provide drivers and other necessary labor to transport, load and unload "such commodities as CARRIER may from time to time make available to CONTRACTOR." (Contr. ¶ 2). Payment was based on the "full and proper performance of each trip." (Contr. ¶ 4). The Contract further specifies that:

> [T]his shall not be construed as an agreement by CARRIER to furnish any specific number or types of loads or units, pounds, gallons or any other measurements of weight or volume, quantity, kind or amount of freight, for transport by CONTRACTOR at any particular time or place.

(Contr. ¶ 2). Further, the Contract, in a paragraph titled "CONTRACTOR'S DISCRETION," states "As an independent contractor, CONTRACTOR is free to accept or reject assignments from CARRIER." (Contr. ¶ 3). In addition, each truck owner continued to "have the right to perform transportation services for other carriers when not providing such services to CARRIER." (Contr. ¶ 6(e)). Paragraph 6(e), however, goes on to provide that:

2

> In the event CONTRACTOR intends to use Equipment in any non-Carrier use, including trip leasing, CONTRACTOR shall, prior to any such use, on each occasion (1) provide prior written notice to CARRIER of CONTRACTOR's intent to provide such services to another carrier; (2) verify that applicable liability coverage and cargo insurance of such other carrier is in effect to cover operation of CONTRACTOR while providing transportation services to such other carrier; and (3) remove or fully cover all of CARRIER's identification signs, placards, permit markings and other identifying marks.

(Contr. ¶ 6(e)).  The Contract further requires all written notices made pursuant to the Contract (including written notices of a Contractor's intent to provide service to another carrier) to be delivered in person, or by U.S. certified mail return receipt requested, or, sent by FedEx Express service. (Contr. ¶ 15(c)).

Under the Contract, Plaintiffs were required to pay to FedEx $50.00 per week, per truck, every week until FedEx had collected $700.00 per truck in an escrow security fund that FedEx controlled.  (Contr. ¶ 7).  The escrow security fund was due to be returned to Plaintiffs no later than 45 days from the termination of the Contract after all credits and deductions pursuant to the Contract were made.  (Contr. ¶ 7(d)).  In addition, Plaintiffs promised to maintain and to wear FedEx uniforms and photo badges; to maintain their trucks with FedEx signage and permits; and to maintain FedEx

3

monitoring equipment.  (Contr. ¶¶ 12, 14; <u>see</u> <u>also</u> ¶ 18(f)).
These items remained the property of FedEx and had to be
returned to FedEx at termination.  (Contr. ¶ 7(d)).  The
Contract provided that certain terms would survive the
termination of the Contract so that FedEx would be protected
from responsibility for trucker incurred costs and damages.
(Contr. ¶¶ 4(g), 15(b)).

Finally, the Contract's initial term ran through July 31,
2007, with automatic renewal for successive annual terms.  The
Contract, however, allowed either party to terminate without
cause upon 30 days' written notice.  (Contr. ¶ 15(a)).  This
action arises from FedEx's alleged termination of the
Contracts without such notice.  Count I is a claim for breach
of contract for failure to abide by the 30-day notice
requirement.  Count II alleges a violation of the implied duty
of good faith and fair dealing.  Finally, Count III asserts a
claim for a violation of the Florida Deceptive and Unfair
Trade Practices Act ("FDUTPA").

FedEx now moves for summary judgment as to all three
counts, and Plaintiffs move for partial summary judgment on
the issue of liability as to the breach of contract claim.

## II.  <u>Standard of Review</u>

Summary judgment is appropriate "if the movant shows that

4

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'q Co., 9 F.3d 913, 919 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own  affidavits, or by 'depositions,

answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (quoting Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

III. **Analysis**

   A. **Count I - Breach of Contract**

   The crux of this case is whether the Contract is

6

unenforceable due to a lack of consideration.  "An illusory promise does not constitute consideration for the other promise, and thus the contract is unenforceable" when based upon illusory promises. <u>Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.</u>, 162 F.3d 1290, 1311 (11th Cir. 1998)(citation omitted).  When "one of the promises appears on its face to be so insubstantial as to impose no obligation at all on the promisor – who says, in effect, 'I will if I want to' – then that promise may be characterized as an 'illusory' promise, i.e., 'a promise in form not in substance.'"  <u>Id.</u> (citation and quotation omitted); <u>see also</u> <u>Princeton Homes, Inc. v. Virone</u>, 612 F.3d 1324, 1331 (11th Cir. 2010).  "Where one party retains to itself the option of fulfilling or declining to fulfill its obligations under the contract, there is no valid contract and neither side may be bound." <u>Rosenberg v. Lawrence</u>, 541 So.2d 1204, 1206 (Fla. 3d DCA 1988)(citing <u>Miami Coca-Cola Bottling Co. v. Orange-Crush Co.</u>, 291 F. 102 (D.C. Fla. 1923), <u>aff'd</u>, 296 F. 693 (5th Cir. 1924)).  "'As a matter of course, no action will lie against the party making the illusory promise.  Having made no promise, it is not possible for him to be guilty of a breach.'"  <u>Id.</u> (citing 1 <u>Corbin on Contracts</u> § 145 (1963)).

The Contract in this case contained "promises" that were

no more than illusions as they did not obligate either side to act.  The Contract specifies that:

> [T]his shall not be construed as an agreement by CARRIER to furnish any specific number or types of loads or units, pounds, gallons or any other measurements of weight or volume, quantity, kind or amount of freight, for transport by CONTRACTOR at any particular time or place.

(Contr. ¶ 2).  Further, the Contract, in a paragraph titled "CONTRACTOR'S DISCRETION," states "As an independent contractor, CONTRACTOR is free to accept or reject assignments from CARRIER."  (Contr. ¶ 3).  In addition, each truck owner continued to "have the right to perform transportation services for other carriers when not providing such services to CARRIER."  (Contr. ¶ 6(e)).  FedEx's "promise" to use Plaintiffs "from time to time," without specifying how often or to what extent it might use them, is an illusory promise that cannot be enforced.

The Johnson Enterprises case is instructive.  The parties in that case contracted for Telestat to provide cable construction work to JEJ for an indefinite period, which was subject to cancellation by either party with 60-days' notice. Johnson Enters., 162 F.3d at 1297.  The contract in that case was non-exclusive because it allowed Telestat to use other contractors for similar construction work, provided that it

first offered the work to JEJ and allowed JEJ to decline such offers of work. _Id._ The Eleventh Circuit found that JEJ's right to refuse work rendered the contract's "guarantee" to JEJ of a particular number of miles of cable installation work unenforceable for lack of consideration. _See id._ at 1290. Under the "right of first refusal" provision, JEJ could turn down every offer from Telestat. _Id._ at 1312. "The 1987 Contract placed no obligation on JEJ in terms of either quantity of work performed or price charged for such work. The 'right of first refusal' provision makes clear that JEJ could turn down every offer from Telestat, and thus do no work whatsoever." _Id._

The Eleventh Circuit recognized that in a bilateral contract, the exchange of promises can serve as consideration, except where one party's promise is illusory. _Id._ at 1311. The contract in _Johnson Enterprises_ allowed JEJ to reject any work it was offered, and the court found that JEJ gave nothing in exchange. _Id._ at 1312. As such, the contract was unenforceable and "had no more legal effect than an unsigned piece of paper indicating that the parties intended to enter into series of construction contracts that would incorporate by reference some of the provisions appearing on the paper." _Id._ at 1313.

The Contract in the case at bar provides the terms and provisions the parties would use should (1) FedEx offer – as it stated it would "from time to time" - to use the truck owner's services and (2) the truck owner accept, given its discretion to refuse any assignment that was offered.  The mutual illusory promises do not bind either party to do anything, which is insufficient consideration to create an enforceable contract.  As such, there is no enforceable contract in this case, and summary judgment is granted in favor of FedEx as to Count I.  See also Office Pavilion S. Fla., Inc. v. ASAL Prods., Inc., 849 So.2d 367, 370 (Fla. 4th DCA 2003)("It is a fundamental principle of contract law that a promise must be supported by consideration to be enforceable."); Petroleum Traders Corp. v. Hillsborough Cnty., No. 8:06-cv-2289-T-TBM, 2008 WL 4570318, at *4 (M.D. Fla. Oct. 14, 2008)(finding bid agreement unenforceable for lack of consideration); Allington Towers N., Inc. v. Rubin, 400 So.2d 86, 87-88 (Fla. 4th DCA 1981)(purchase agreement held unenforceable as lacking mutuality of obligation and mutuality of remedy).

The Court notes that it previously entered an Order denying FedEx's Motion to Dismiss.  (Doc. # 31).  Plaintiffs rely heavily on the language from the Order and attempt to

10

present such as the law of the case.  For example, Plaintiffs state that "[i]n denying FedEx's Motion to Dismiss..., the Court determined that the [Contracts] between the parties were not illusory and, in fact, imposed duties upon each of the parties."  Doc. # 89 at 1.  However, the Court specifically only held that Plaintiffs had "adequately alleged consideration for purposes of surviving a motion to dismiss."  The Court's holding went no further.  Contrary to Plaintiffs' representations, the Court did not rule that the exchanged promises were not illusory.  The Court listed what Plaintiffs alleged as consideration under the Contract.  Based on those allegations, the Court found that it would be inappropriate at that stage of the proceedings to hold that there was no consideration for the Contract.[1]  The Court did not hold,

---

[1]Specifically, the Court stated:
Plaintiffs argue that they paid Defendant for the privilege of being in a contract with Defendant in the form of the escrow requirement.  Defendant received the value of a work force of truckers in an "at the ready" condition.  Plaintiffs further assert that they suffered prejudice and inconvenience from the restrictions in place impeding the ability to work for other carriers and the host of other obligations to Defendant under the Contract.  <u>Based on the foregoing, this Court cannot find  at this stage of the proceedings that the Contract is unenforceable due to a lack of consideration</u>.
Doc. # 31 at 7-8 (emphasis added).

11

however, that Plaintiffs' allegations of consideration did, in fact, constitute consideration.  The Court's previous Order did not establish any law of the case that precludes the granting of FedEx's Motion for Summary Judgment.

Plaintiffs' Motion for Partial Summary Judgment moves this Court to find FedEx liable on Plaintiffs' breach of contract claim.  Plaintiffs specifically seek a finding that FedEx's unilateral termination of the Contract without the required written notice constituted a material breach thereof. To constitute a material breach, a party's nonperformance must "go to the essence of the contract." Covelli Family, LP v. ABG5, LLC, 977 So.2d 749, 752 (Fla. 4th DCA 2008)(citing Beefy Trail, Inc. v. Beefy King Int'l, Inc., 267 So.2d 853, 857 (Fla. 4th DCA 1972)).  Failure to perform some minor part of a contractual duty cannot be classified as a vital or material breach.  Id. Whether or not an alleged breach is material is a question of fact to be resolved by the trier of fact or jury.  See id. (citing Beefy Trail, 267 So.2d at 858).  The question of whether the alleged breach was material, however, need not be resolved by the trier of fact in light of the Court's finding that the Contract is unenforceable. Accordingly, the Court denies Plaintiffs' Motion for Partial Summary Judgment.

12

**B. Count II - Breach of Implied Duty of Good Faith and Fair Dealing**

Under Florida law, an implied covenant of good faith and fair dealing exists in every contract.  Burger King Corp. v. Weaver, 169 F.3d 1310, 1315 (11th Cir. 1999).   It is an interpreting, gap-filling tool of contract law that must relate to the performance of an express term of the contract. Shibata v. Lim, 133 F. Supp. 2d 1311, 1318 (M.D. Fla. 2000). The covenant applies when the propriety of the conduct in question is not resolved by the terms of the contract.   Id.

> That situation ordinarily arises when: 1.) the contract is ambiguous about the permissibility of the conduct, or 2.) when the conduct is undertaken pursuant to a grant of discretion and the scope of that discretion has not been designated.   When, however, the express terms of the contract determine the permissibility of the conduct, no gap-filler is needed and the covenant does not apply.

Id. at 1318-19 (citations omitted).

"[A] cause of action for breach of the implied covenant cannot be maintained (a) in derogation of the express terms of the underlying contract or (b) in the absence of breach of an express term of the underlying contract."  Burger King, 169 F.3d at 1318; see also Cherry v. D.B. Zwirn Special Opportunities Fund, L.P., No. 8:09-cv-33-T-33EAJ, 2010 WL 415313, at * 8 (M.D. Fla. Jan. 27, 2010).   Thus, unless there

13

is a breach of a contractual obligation, a claim for breach of the covenant of good faith and fair dealing cannot be sustained. <u>Burger King</u>, 169 F.3d at 1316-18. Having determined that FedEx is entitled to summary judgment in its favor on Plaintiffs' breach of contract claim, it follows that Plaintiffs' claim for breach of the implied duty of good faith and fair dealing cannot be maintained. Accordingly, summary judgment is granted in FedEx's favor on this claim.

## C. Count III - FDUTPA

FDUTPA provides protection from "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1) (2008). The intention of this law is to provide Florida consumers with a simplified statutory cause of action that bestows additional remedies to recover economic damages incurred as a result of a product or service purchased in a consumer transaction, where a seller used unfair or deceptive practices or acts. <u>Hunter v. Bev Smith Ford, LLC</u>, No. 07-80665-CIV, 2008 WL 1925265, at * 7 (S.D. Fla. Apr. 29, 2008)(citing <u>Jones v. TT of Longwood, Inc.</u>, No. 6:06-cv-651-Orl-19DAB, 2007 WL 2298020, at * 6 (M.D. Fla. Aug. 7, 2007)). FDUTPA is violated "when a party's actions offend established public policy, are immoral,

14

unethical, oppressive, unscrupulous, or substantially injurious to consumers." <u>Id.</u> To state a claim for damages under the FDUTPA, a plaintiff must allege facts showing "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." <u>Rollins, Inc. v. Butland</u>, 951 So.2d 860, 869 (Fla. 2d DCA 2006).

Plaintiffs allege in the First Amended Complaint that:

> [T]he "30-day notice" requirement for termination under the contracts to which the Plaintiffs ... were parties was a complete sham, in that the Defendant uniformly, with respect to the entire class, entirely and utterly disregarded the same and terminated the contracts unilaterally with no notice and/or less than the required notice, under circumstances where the Defendant's intention to disregard the terms of its own contracts is manifestly obvious.

Doc. # 48 at ¶ 38. Plaintiffs argue that FedEx's "behavior was devious in that FedEx assured Plaintiffs that their jobs were safe, all the while scheming to cut off their work with a minimum of disruption to its own operations but without any concern for the havoc it would cause to these independent truckers who expected notice of such drastic change under the terms of their contracts." Doc. # 89 at 15. Plaintiffs basically assert that it was FedEx's intent to terminate Plaintiffs but FedEx never provided 30-days' notice.

FedEx argues that Plaintiffs' claims under FDUTPA should

15

be denied as a matter of law because Plaintiffs cannot show any unfair or deceptive act.  Specifically, FedEx asserts that Plaintiffs cannot claim that the alleged breach of any illusory contract was a deceptive act.

"A deceptive practice occurs if there is a 'representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment.'"  Zambrano v. Indian Creek Holding, LLC, No. 09-20453-CIV, 2009 WL 2365842, at * 1 (S.D. Fla. July 30, 2009)(quoting Millennium Commc'ns & Fulfillment, Inc. v. Office of the Attorney Gen., 761 So.2d 1256, 1263 (Fla. 3rd DCA 2000)).  The Court finds that, viewing the allegations in the light most favorable to the Plaintiffs, Plaintiffs' allegations regarding FedEx's failure to comply with the 30-day notice provision do not, as a matter of law, constitute an unfair, deceptive or misleading trade practice. See id.  FedEx is entitled to summary judgment as to this claim.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Motion for Partial Summary Judgment (Doc. # 70) is **DENIED**.

(2) Defendant FedEx National LTL, Inc.'s Motion for

16

Summary Judgment (Doc. # 85) is **GRANTED**.

(3) The Clerk is directed to enter judgment in favor of Defendant and against Plaintiffs and **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of December, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record